**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JAVIER MARTINEZ DUBON<br>c/o 519 H Street NW<br>Washington, DC 20001<br><br>ALEX MONGE DUBON<br>c/o 519 H Street NW<br>Washington, DC 20001<br><br>JOSE DAVID MONGE DUBON<br>c/o 519 H Street NW<br>Washington, DC 20001<br><br>　　　Plaintiffs,<br><br>v.<br><br>BRICKLANE DC, INC.<br>d/b/a BRICK LANE<br>1636 17th Street NW<br>Washington, DC 20009<br><br>EI, LLC<br>d/b/a BRICK LANE<br>3101 S Manchester Street, Apt. 916<br>Falls Church, VA 22044<br><br>IKHIAR ELALAMI<br>3101 S Manchester Street, Apt. 916<br>Falls Church, VA 22044<br><br>　　　Defendants. | <br><br><br><br><br><br><br><br><br><br><br>Civil Action No. _____ |

# COMPLAINT

1.　　Defendants own and operate two "Brick Lane" restaurants in the District of Columbia. While Plaintiffs worked at these restaurants, Defendants did not pay them overtime wages for their hours worked over forty in a workweek. Moreover, Defendants shaved time off of Plaintiffs' pay, thereby failing to pay Plaintiffs for all their hours worked.

2. Plaintiffs bring this action to recover damages for Defendants' willful failure to pay regular and overtime wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the District of Columbia Minimum Wage Act Revision Act ("DCMWA"), D.C. Code, § 32-1001 *et seq.*; and the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 *et seq.*

### Jurisdiction and Venue

3. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

4. Venue is proper pursuant to 28 U.S.C. § 1391(b), because all Defendants reside in this district, or a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

### Parties

5. Plaintiff Javier Martinez Dubon is an adult resident of the District of Columbia.

6. Plaintiff Alex Monge Dubon is an adult resident of the District of Columbia.

7. Plaintiff Jose David Monge Dubon is an adult resident of the District of Columbia.

8. Defendant BrickLane DC, Inc. is a District of Columbia corporate entity. It does business as Brick Lane. Its principal place of business is located at 1636 17th Street NW, Washington, DC 20009. Its registered agent for service of process is Ikhiar Elalami, 1636 17th Street NW, Washington, DC 20009.

9. Defendant EI, LLC is a District of Columbia corporate entity. It does business as Brick Lane. Though EI, LLC has registered its principal place of business as 3101 S Manchester Street, Apt. 916, Falls Church, VA 22044, it operates the Brick Lane restaurant located at 517 8th Street

SE, Washington, DC 20003. Its registered agent for service of process is Justin Thornton, 1207 I Street NE, Washington, DC 20002.

10. Defendant Ikhiar Elalami is an adult resident of Virginia. He resides at 3101 S Manchester Street, Apt. 916, Falls Church, VA 22044. He is an owner and officer of Defendant BrickLane DC, Inc. and EI, LLC. He exercises exclusive control over the operations of BrickLane DC, Inc. and EI, LLC — including their pay practices.

## Factual Allegations

11. Defendants own and operate two "Brick Lane" restaurants in the District of Columbia: one located at 1636 17th Street NW, Washington, DC 20009 ("17th Street"), and one located at 517 8th Street SE, Washington, DC 20003 ("Capitol Hill").

12. Plaintiffs worked at the following branches of Brick Lane:

| Plaintiff | Branch |
| --- | --- |
| Javier Martinez Dubon | 17th Street & Capitol Hill |
| Jose David Monge Dubon | 17th Street & Capitol Hill |
| Alex Monge Dubon | Capitol Hill |

13. Plaintiffs worked at Brick Lane during the following approximate dates:

| Plaintiff | Approximate Dates |
| --- | --- |
| Javier Martinez Dubon | Aug. 06, 2018–present |
| Jose David Monge Dubon | Aug. 20, 2018–Jun. 30, 2019 |
| Alex Monge Dubon | Jun. 13, 2019–Jul. 16, 2019 |

14. At all relevant times, Plaintiffs worked at Brick Lane as kitchen laborers.

15. At all relevant times, Plaintiffs job duties at Brick Lane primarily consisted of preparing and cooking food, washing dishes, and cleaning the kitchen.

16. Plaintiff Javier Martinez Dubon worked between four and seven days a week. From August 6, 2018 through July 16, 2019, he typically and customarily worked seven days per week; from July 17, 2019 through September 22, 2019, he typically and customarily worked six days

per week; and from September 23, 2019, he has typically and customarily worked four days per week.

17. Plaintiff Javier Martinez Dubon typically and customarily worked the following number of hours:

| Approximate Dates | Hours Worked |
|---|---|
| Aug. 06, 2018–Jul. 16, 2019 | 62.0 |
| Jul. 17, 2019–Sep. 22, 2019 | 38.0 |
| Sep. 23, 2019–Present | 26.0 |

18. Plaintiff Alex Monge Dubon typically and customarily worked six days per week.

19. Plaintiff Alex Monge Dubon typically and customarily worked approximately fifty-seven to sixty hours per week.

20. Plaintiff Jose David Monge Dubon typically and customarily worked seven days per week.

21. Plaintiff Jose David Monge Dubon typically and customarily worked approximately fifty-seven to sixty hours per week.

22. At all relevant times, Defendants paid Plaintiffs by the hour.

23. Defendants paid Plaintiff Javier Martinez Dubon approximately the following hourly rates:

| Approximate Dates | Hourly Rate |
|---|---|
| Aug. 06, 2018–Jan. 13, 2019 | $14.00 |
| Jan. 14, 2019–Jun. 02, 2019 | $15.00 |
| Jun. 03, 2019–Jun. 30, 2019 | $14.00 |
| Jul. 01, 2019–present | $15.00 |

24. At all relevant times, Defendants paid Plaintiff Alex Monge Dubon $15.00 per hour.

25. At all relevant times, Defendants paid Plaintiff Jose David Monge Dubon $14.00 per hour.

26. At all relevant times, Defendants paid Plaintiff Javier Martinez Dubon by check.

27. Defendants paid Plaintiffs Alex Monge Dubon and Jose David Monge Dubon with both checks and cash

28. Plaintiffs typically and customarily worked more than forty hours per workweek for Defendants.

29. Defendants paid Plaintiffs the same regular hourly rate across all hours worked.

30. For example, during the pay period of December 16–30, 2018, Defendant paid Plaintiff Alex Monge Dubon $1,470.00 at $15.00 per hour for 98.0 hours of work ($1,470.00 ÷ $15.00 = 98.0 hours):

```
El LLC                                                                    800042
Monje, Alex                          000043  223                      01/08/2019
Income                 Amount       Year      Tax/Deduction    Amount       Year
Salary                1470.00    1470.00      Fed Tax           19.31      19.31
  Totals:             1470.00    1470.00      FICA-E            91.14      91.14
                                              Med-E             21.32      21.32
                                              DC Tax            14.11      14.11
                                                Totals:        145.88     145.88


                                              Period Beginning:        12/16/2018
                                              Period Ending:           12/30/2018
                                              Net Pay Year-to-Date:      1324.12
                                              This Check:                1324.12
```

31. Moreover, Defendants typically and customarily did not pay Plaintiffs for all their hours worked.

32. Defendants typically and customarily shaved time off of Plaintiffs' pay. For example, if Plaintiffs worked 9 hours and 12 minutes in a day, Defendants only paid them for 9.0 hours.

33. Upon information and belief, Defendants shaved off approximately one hour of work per week per Plaintiff.

34. Defendants owe Plaintiff Javier Martinez Dubon approximately $9,000.00 in regular and overtime wages (excluding liquidated damages).

35. Defendants owe Plaintiff Alex Monge Dubon approximately $7,000.00 in regular and overtime wages (excluding liquidated damages).

36. Defendants owe Plaintiff Jose David Monge Dubon approximately $1,000.00 in regular and overtime wages (excluding liquidated damages).

37. Defendant Ikhiar Elalami hired, or participated in the decision to hire, Plaintiffs.

38. Defendant Ikhiar Elalami set Plaintiffs' hourly rates.

39. Upon information and belief, Defendant Ikhiar Elalami typically and customarily signed Plaintiffs' paychecks.

40. At all relevant times, Defendants had the power to hire and fire Plaintiffs.

41. At all relevant times, Defendants had the power to control Plaintiffs' work schedule.

42. At all relevant times, Defendants had the power to supervise and control Plaintiffs' work.

43. At all relevant times, Defendants had the power to set Plaintiffs' rate and manner of pay.

44. At all relevant times, Defendants were aware that they were legally required to pay Plaintiffs one and one-half times their regular rate for all hours worked in excess of forty hours in any one workweek.

45. At all relevant times, Defendants were aware that they were legally required to timely pay Plaintiffs all wages legally due to them.

46. At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

47. At all relevant times, Defendants had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

48.     At all relevant times, Defendants had employees who handled food products, such as fish, beef, or vegetables, that had been raised or grown outside of the District of Columbia.

## COUNT I
## FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

49.     Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

50.     Each defendant was an "employer" of Plaintiffs within the meaning of the FLSA. 29 U.S.C. § 203(d).

51.     The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. 29 U.S.C. § 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum wage. 29 C.F.R. § 778.5.

52.     Defendants violated the FLSA by knowingly failing to pay one or more Plaintiffs at least one and one-half times Plaintiffs' regular hourly rates for hours worked in excess of forty hours in any one workweek.

53.     Defendants' violations of the FLSA were willful.

54.     For Defendants' violations of the FLSA, Defendants are liable to Plaintiffs for unpaid overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## COUNT II
## FAILURE TO PAY OVERTIME WAGES UNDER THE DCMWA

55.     Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

56.     Each defendant was an "employer" of Plaintiffs within the meaning of the DCMWA. D.C. Code § 32-1002(3).

57. The DCMWA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. D.C. Code § 32-1003(c).

58. Defendants violated the DCMWA by knowingly failing to pay one or more Plaintiffs at least one and one-half times Plaintiffs' regular hourly rates for hours worked in excess of forty hours in any one workweek.

59. Defendants' violations of the DCMWA were willful.

60. For Defendants' violations of the DCMWA, Defendants are liable to Plaintiffs for unpaid overtime wages, an amount equal to three times the unpaid overtime wages as liquidated damages, court costs, reasonable attorney's fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT III
## FAILURE TO PAY WAGES UNDER THE DCWPCL

61. Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

62. Each defendant was an "employer" of Plaintiffs within the meaning of the DCWPCL. D.C. Code § 32-1301(1B).

63. The DCWPCL requires employers to pay an employee who is discharged no later than the working day following the discharge. D.C. Code § 32-1303(1).

64. The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within 7 days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

65. For purposes of the DCWPCL, "wages" include, among other things, regular and overtime wages. D.C Code § 32-1301(3).

66.     Defendants violated the DCWPCL by knowingly failing to timely pay Plaintiffs all wages due, including regular and overtime wages.

67.     Defendants' violations of the DCWPCL were willful.

68.     For Defendants' violations of the DCWPCL, Defendants are liable to Plaintiffs for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court. *See Martinez v. Asian 328, LLC*, 220 F. Supp. 3d 117, 123 (D.D.C. 2016) ("[T]he liquidated-damages provision of the DCWPCL awards treble damages as liquidated damages *in addition to* the actual damages in the form of unpaid wages.")(emphasis in original)

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of $**74,055.40**, and grant the following relief:

    a.     Award Plaintiffs $68,000.00, consisting of the following overlapping elements:

        i.     unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

        ii.    unpaid overtime wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCMWA, D.C. Code § 32-1012;

        iii.   unpaid regular and overtime wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

    b.     Award Plaintiffs pre-judgment and post-judgment interest as permitted by law;

    c.      Award Plaintiffs attorney's fees and expenses computed pursuant to the matrix approved in *Salazar v. District of Columbia*, 123 F. Supp. 2d 8 (D.D.C. 2000), and updated to account for the current market hourly rates for attorney's services, pursuant to the DCWPCL, D.C. Code § 32-1308(b)(1) (as of this date, approximately $5,655.40);

    d.      Award Plaintiffs court costs (currently, $400.00); and

    e.      Award any additional relief the Court deems just.

Date: November 22, 2019                          Respectfully submitted,

/s/ Justin Zelikovitz
JUSTIN ZELIKOVITZ, #986001
DCWAGELAW
519 H Street NW
Washington, DC 20001
Phone: (202) 803-6083
Fax: (202) 683-6102
justin@dcwagelaw.com

*Counsel for Plaintiffs*